IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dyshan Frasier, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> State of South Carolina, ) <br> ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 2:22-1366-BHH <br><br> **<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Dyshan Frasier's ("Plaintiff") pro se letter, which has been construed as a complaint pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On June 6, 2022, the Magistrate Judge filed a proper form order instructing Plaintiff to complete and sign a standard § 1983 complaint form, which was mailed to him, and the Magistrate Judge notified Plaintiff that the failure to provide the necessary information within the applicable time frame would subject this case to dismissal. (ECF No. 5.) Nevertheless, Plaintiff failed to bring this case into proper form. As a result, on August 5, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice in accordance with Rule 41 of the Federal Rules of Civil Procedure. A copy of the Report was mailed to Plaintiff at his last known address at Georgetown County Detention Center and to Plaintiff at Kirkland Correctional Institution.[1]  Plaintiff was instructed in the proper form

---

[1] The copy mailed to Plaintiff at Georgetown County Detention Center was returned as undeliverable on August 24, 2022. (ECF No. 10.)

order to always keep the Clerk of Court advised in writing of any address changes.

Attached to the Magistrate Judge's Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.  on August 24, 2022,

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8) and hereby dismisses this action without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure based on Plaintiff's failure to bring the case into proper

form or contact the Court in any way.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 31, 2022
Charleston, South Carolina